IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,

    Plaintiff,
v.                                                CASE NO. 1:20-cv-31-AW-GRJ

FEDERAL BUREAU
OF INVESTIGATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint, ECF No. 1, and has been granted leave to proceed as a pauper by separate order. The Court determined that Plaintiff's Complaint was deficient because he failed to comply with the page limits of N.D. Fla. Local Rule 5.7(B) and because the allegations of the Complaint failed to establish any basis for the exercise of the Court's subject matter jurisdiction or that venue is proper in this Court. The Court therefore ordered Plaintiff to file an amended complaint. ECF No. 5. This case is now before for screening of ECF No. 6, Plaintiff's Amended Complaint. Upon due consideration, the Court concludes that the Amended Complaint should be dismissed as frivolous.

Initially, Plaintiff has again violated the Court's 25-page limit for *pro se*

complaints.  The Complaint with attached exhibits totals 36 pages in length.  *See* ECF No. 1.  Pursuant to N.D. Fla. Local Rule 5.7(B), a *pro se* civil rights complaint, together with any memorandum of law, must not exceed 25 pages in length unless authorized by the Court.  The Court has not authorized Plaintiff to file a complaint in excess of the page limits, nor does the Amended Complaint present any good cause for doing so.

Turning to the substance of the Amended Complaint, pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff, currently a resident of Sarasota,

Florida, sues the Federal Bureau of Investigation (FBI).  ECF No. 6.  Plaintiff alleges that he began dating a woman in Henderson, Nevada, in 2015.  He alleges that the woman's father was a federal ICE agent.  Plaintiff claims that the woman's father suggested that Plaintiff forward his mail to the woman's house in Nevada.  Plaintiff began dating another woman in Nevada and also had his mail forwarded to her house.  Plaintiff states that he was homeless and living in a car in Las Vegas.  Plaintiff claims that a postal inspector showed up at the second woman's house and told the family that Plaintiff was a suspected member of "ISIS/ISIL".  Plaintiff alleges that the woman's parents were "racist" and that the postal inspector "incorrectly racially-profiled" him.  Plaintiff alleges that "postal inspectors are assumed to be working with FBI", and that the FBI via the postal inspector harassed, racially profiled, and violated his civil rights.  Plaintiff seeks monetary and injunctive relief.  ECF No. 6 at 4-6.  Plaintiff has attached to his Amended Complaint documents purporting to describe several murders and other crimes and incidents occurring in Nevada, New York, Maryland, Texas, and Florida.  It is unclear how these attachments pertain to Plaintiff's claims against the FBI.  He also appends documents of unexplained relevance regarding student loans, other federal cases he has filed, housing, medical bills, and other matters.  *Id.* at 9-36.

The allegations of the Amended Complaint are wholly insufficient to state a cognizable federal claim in Plaintiff's complaint. Plaintiff names the FBI as the sole defendant, but there are no factual allegations linking Plaintiff's purported claims to the FBI, except for his specious assertion that it is "assumed" that a postal inspector is working for the FBI. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that injured plaintiffs can bring a cause of action for damages against *individual* federal officers based on violations of constitutional rights. To the extent that Plaintiff is attempting to assert a *Bivens* claim, there are no factual allegations establishing that any individual FBI agent violated any of Plaintiff's constitutional rights.

Moreover, even if Plaintiff alleged facts establishing the existence of a constitutional violation, venue is improper in this Court. Venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs,* 444 U.S. 527, 544 (1980) (venue in suits for damages against federal employees in their individual capacity is governed by §1391(b)); *Nalls v. Coleman Low Federal Institution et al.*, 307 Fed. Appx. 296, 2009 WL 51884 **1 (11th Cir. 2009) (district court's *sua sponte* transfer of case under § 1391(b) was proper because court transferred case to district where the remaining unknown *Bivens* defendants were located and where relevant events occurred);

*Cameron v. Thornburgh,* 983 F.3d 253, 257-58 (D.C. Cir. 1993) (applying § 1391(b) venue provisions to *Bivens* action).  Under 28 U.S.C. § 1391(b), cases arising under federal law may be brought only in a district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought under (1) or (2), any judicial district in which the defendants are subject to the court's personal jurisdiction with respect to the action.  28 U.S.C. § 1391(b).

In this case, according to the Amended Complaint, the alleged matters giving rise to Plaintiff's claims occurred in Nevada.  This case has no connection whatsoever to the Northern District of Florida, and Plaintiff's attempt to bring his claims here is facially frivolous.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Amended Complaint, ECF No. 6, should be **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS**  this 3rd day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**